

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE LUIS AGUIRRE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-078 |
| | § | Admiralty/F.R.C.P. 9(h) |
| PIONEER NATURAL RESOURCES | § | Jury Requested |
| USA, INC. and NECHES-GULF | § | |
| SHIP SERVICES, INC. | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Jack G. Carinhas, Jr. for Plaintiff, Jose Luis Aguirre; Joseph Stallone for Defendant, Pioneer Natural Resources USA, Inc.; and Frank L. McNiff, Jr. for Defendant Neches-Gulf Ship Services, Inc. met by telephone on August 20, 2003.

2. List the cases related to this one that are pending in any state of federal court with the case number and court.

   Civil Action No. C-02-113
   styled: Jacinto Aguirre
   vs. Pioneer Natural Resources USA, Inc.
   and Neches-Gulf Ship Services, Inc., pending
   in the U. S. District Court for the Southern
   District of Texas, Corpus Christi Division

3. Describe what this case is about.

   Plaintiff Jose Luis Aguirre brings this suit to recover as a result of the personal injury which occurred on April 23,

   2001 on board the Oilfield Supply Vessel *San Jacinto*, owned by Defendant Neches, while heavy equipment was being off-loaded from a drilling platform owned and operated by Defendant Pioneer.

4.  Specify the allegation of federal jurisdiction.

   Article III, Section 2 of the United States Constitution ("all cases of admiralty and maritime jurisdiction"); 28 U.S.C. §1333(1) ("any civil case of admiralty and maritime jurisdiction"); 43 U.S.C. §1349(b)(1) ("of cases and controversies arising out of, or in connection with any operation conducted on the Outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf"); 28 U.S.C. §1367 ("supplemental jurisdiction").

5.  Name the parties who disagree and the reasons.

   None.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None at this time.

7.  List anticipated interventions.

   None at this time.

8.  Describe class-action issues.

   Not applicable.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

> Initial disclosures will be made by each party before initial pretrial conference set for September 11, 2003.

10. Describe the proposed agreed discovery plan, including:

   a) Responses to all the matters raised in Rule 26(f).

   > It is anticipated any additional matters will be addressed by the Rule 16 Conference set for September 11, 2003.

   b) When and to whom the plaintiff anticipates it may send interrogatories.

   > Plaintiff anticipates serving written discovery on Defendants within sixty days of the Rule 16 Conference.

   c) When and to whom the defendant anticipates it may send interrogatories.

   > Defendant Neches-Gulf has served written discovery to Plaintiff previous to the scheduled Rule 16 Conference for which answers will be served by Plaintiff within 30 days after such conference.

   > Defendant Pioneer anticipates serving written discovery on Plaintiff within sixty days of the Rule 16 Conference.

   d) Of whom and by when the plaintiff anticipates taking oral depositions.

   > Plaintiff anticipates taking the depositions of all persons who witnessed the incident in question and/or having relevant knowledge of the facts and

circumstances surrounding the incident in question, as well as all persons listed by Defendants as having knowledge of relevant facts, Defendants' experts and all medical providers and witnesses. This should be accomplished within nine (9) months after the Rule 16 Conference.

e) Of whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking the depositions of all persons who witnessed the incident in question and/or having relevant knowledge of the facts and circumstances surrounding the incident in question, as well as all persons listed by Plaintiff as having knowledge of relevant facts, Plaintiff's experts and all medical providers and witnesses. This should be accomplished within nine (9) months after the Rule 16 Conference.

f) When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(IB), and when the opposing party will be able to designate responsive experts and provide their reports.

The parties shall designate experts and provide reports within the deadlines imposed by this Court.

g) List expert depositions the plaintiff (or the party with the burden of proof of an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(13) (expert report).

Plaintiff anticipates taking the depositions of all experts designated by Defendants. This should be accomplished within the deadlines imposed by this Court.

    h)    List expert depositions the Opposing Party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        It is anticipated Defendants will take the depositions of all experts designated by Plaintiff and anticipate the completion of all discovery within the deadlines imposed by this Court.

        Each Defendant may also depose or participate in depositions of expert witnesses designated by other defendants, but Defendants reserve the right to depose each of those designated expert witnesses.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    No disagreement.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    No formal discovery beyond initial disclosures has been undertaken, except that Defendant Neches-Gulf has served Plaintiff with discovery pleadings before the scheduled Rule 16 Conference which Plaintiff has agreed to respond to within 30 days after the Rule 16 Conference.

13.    State the date the planned discovery can reasonable be completed.

    Within nine months from the date of the Rule 16 Conference.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

>Unknown at this time.

15. Describe what each party has done or agreed to do to bring about a prompt dissolution.

>Working toward discovery and exchange of initial disclosures.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

>Mediation after completion of discovery, unless the parties can reach earlier settlement.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

>The parties cannot agree to trial by magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

>Plaintiff has made a timely jury demand.

19. Specify the number of hours it will take to present the evidence in this case.

>The Plaintiff anticipates it will take approximately 24 hours to present the evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

> None.

21. List other motions pending.

> None.

22. Indicate other matter peculiar to this case, including discovery, that deserves the special attention of the court at the conference.

> Defendant Neches-Gulf previously filed its answer to Plaintiff's original petition in state court subject to its motion to transfer, which motion will be discussed at the Rule 16 Conference.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

> Plaintiff Jose Luis Aguirre filed its Disclosure of Interested Parties on May 16, 2003.
>
> Defendant Pioneer Natural Resources USA, Inc. filed its Disclosure of Interested Parties on May 29, 2003.
>
> Defendant Neches-Gulf Ship Services, Inc. filed its Disclosure of Interested Parties on May 9, 2003.

List the names, bar numbers, addresses and telephone numbers of all counsel.

**Plaintiff, Jose Luis Aguirre**
Jack G. Carinhas, Jr.
Fed I.D. #1179
State Bar No. 03795000
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Tel:   956/542-9161
Fax:   956/542-3651

**Defendant, Pioneer Natural Resources USA, Inc.**
Roberta J. Hegland
Fed I.D.#6842
State Bar No. 09375000
Bracewell & Patterson, L.L.P.
Attorney-in-charge

Joseph Stallone
Fed I.D. #22343
State Bar No. 00797485
2000 One Shoreline Plaza-South Tower
800 North Shoreline Blvd.
Corpus Christi, Texas 78401-3700
Tel:   361/882-6644
Fax:   361/882-6659

**Defendant, Neches-Gulf Ship Services, Inc.**
Frank L. McNiff, Jr.
Fed I.D.# 12595
State Bar No. 13839020
Welder, Leshin & Mahaffey, L.L.P.
Suite 900, North Tower
800 North Shoreline Blvd.
Corpus Christi, Texas 78401-3709
Tel:   361/693-8500
Fax:   361/963-8600

Respectfully submitted,

**The Law Office of**
Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, TX 78521
Tel: 956/542-9161
Fax: 956/542-3651

BY: _/s/ Jack G. Carinhas_
Jack G. Carinhas, Jr.
Fed I.D. #1179
State Bar No. 03795000

Attorney for Plaintiff
Jose Luis Aguirre

| | |
|---|---|
| Bracewell & Patterson, L.L.P. | Welder, Leshin & Mahaffey, LLP |
| 2000 One Shoreline Plaza-South Tower | Suite 900, North Tower |
| 800 North Shoreline Blvd. | 800 North Shoreline Blvd. |
| Corpus Christi, TX 78401-3700 | Corpus Christi, TX 78401-3709 |
| Tel: 361/882-6644 | Tel: 361/693-8500 |
| Fax: 361/882-6659 | Fax: 361/693-8600 |
| | |
| BY: _/s/ Roberta J. Hegland_ | BY: _/s/ Frank L. McNiff, Jr._ |
| Roberta J. Hegland | Frank L. McNiff, Jr. |
| Fed I.D.#6842 | Fed. I.D. #12595 |
| State Bar No. 09375000 | State Bar No. 13839020 |
| | |
| Attorney for Defendant | Attorney for Defendant |
| Pioneer Natural Resources USA, Inc. | Neches-Gulf Ship Services, Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Joint Discovery Case/Management Plan under Rule 26(f) Federal Rules of Civil Procedure has been served on all counsel of record by First Class Letter on the 25TH day of August, 2003.

Ms. Roberta J. Hegland
Fed. I.D. #6842
State Bar No. 09375000
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Blvd.
Corpus Christi, Texas 78401-3700

Mr. Frank McNiff, Jr.
Fed. I.D. #12595
State Bar No. 13839020
Welder, Leshin & Mahaffey, L.L.P.
Suite 900, North Tower
800 North Shoreline Blvd.
Corpus Christi, Texas 78401-3709

Jack G. Carinhas, Jr.