UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE LUIS AGUIRRE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-078 |
| | § | |
| PIONEER NATURAL RESOURCES | § | Jury Requested |
| USA, INC. and NECHES-GULF | § | |
| SHIP SERVICES, INC. | § | |

## PLAINTIFF'S MOTION TO FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Jose Luis Aguirre**, Plaintiff herein, and for his motion to amend Plaintiff's Original Petition (Complaint), respectfully shows unto the Court as follows:

1.

At the Initial Rule 16 Conference held on September 11, 2003, Plaintiff through his undersigned counsel, requested permission to file Plaintiff's First Amended Complaint for the purpose of alleging subject matter jurisdiction of this civil action under Title 33 U.S.C. §905(b), to which request no objection was raised by counsel for Defendants at the Conference.

2.

Plaintiff's motion to amend and his attached Plaintiff's First Amended Complaint are timely filed and include allegations of subject matter jurisdiction and venue in Paragraph 3, along with editing of other allegations of Plaintiff's Original Petition consistent with federal court pleading practice.

**WHEREFORE, premises considered**, Plaintiff prays for an Order of the Court allowing filing of Plaintiff's First Amended Complaint attached hereto.

Respectfully submitted,

**The Law Office of
Jack G. Carinhas, Jr.**
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Tel.   956/542-9161
Fax.   956/542-3651

By: _____
Jack G. Carinhas, Jr.
Fed I.D. 1179
Texas Bar No. 0379500

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on attorneys of record for Defendants by First Class Letter, postage prepaid and properly addressed, on the 19th day of September, 2003, as follows:

Ms. Roberta J. Hegland
Mr. Joseph Stallone
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Blvd.
Corpus Christi, TX 78401-3700
Attorney for Defendant Pioneer Natural
Resources USA, Inc.

Mr. Frank McNiff, Jr.
Welder, Leshin & Mahaffey, L.L.P.
Suite 900, North Tower
800 North Shoreline Blvd.
Corpus Christi, TX 78401-3709
Attorney for Defendant Neches-Gulf Ship
Services, Inc.

_____
Jack G. Carinhas, Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE LUIS AGUIRRE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-078 |
| | § | |
| PIONEER NATURAL RESOURCES | § | Jury Requested |
| USA, INC. and NECHES-GULF | § | |
| SHIP SERVICES, INC. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Jose Luis Aguirre**, (hereinafter called Plaintiff), complaining of **Pioneer Natural Resources USA, Inc.** (hereinafter identified by name or as "Defendant-Pioneer"), and **Neches-Gulf Ship Services, Inc.** (hereinafter identified by name or as "Defendant-Neches"), and for his First Amended Complaint, would respectfully show unto the Court as follows:

### 1.
### Jury Request

Plaintiff hereby demands trial by jury. The jury fee has been paid.

### 2.
### Parties and Service

2.01 Plaintiff Jose Luis Aguirre is an individual residing in Olmito, Cameron County, Texas.

2.02 Defendant Pioneer Natural Resources USA, Inc. is a Delaware corporation which has been authorized to do business in the State of Texas, and has appeared and answered herein.

2.03 Defendant Neches-Gulf Ship Services, Inc. is a Texas corporation, and has appeared and answered herein.

## 3.
## Jurisdiction and Venue

3.01  The subject matter in controversy is within the jurisdictional limits of this Court.

3.02  This Court has subject matter federal jurisdiction of this case on the following basis:

a)  Title 33 U.S.C. §905(b).

b)  43 U.S.C. ¶1349(b)(1) ("of all cases and controversies arising out of, or in connection with any operation conducted on the Outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf");

c)  28 U.S.C. §1367 ("supplemental jurisdiction");

3.03  Venue within the Brownsville Division of the Southern District of Texas is proper in this cause because Plaintiff is a United States citizen residing in Cameron County, Texas, and Defendants are either corporations authorized to do business in the State of Texas or incorporated in Texas. The incident made the basis of this lawsuit occurred at a site in the Gulf of Mexico within the jurisdiction of the Southern District of Texas.

## 4.
## Underlying Facts

4.01  On April 23, 2001 Plaintiff was employed by Sunland Construction as a sandblaster/painter on the Offshore Drilling Platform MI-624 (hereinafter, the "Platform").

4.02  On such date at approximately 12:15 PM through the negligence of the Defendants, their agents, servants, employees, or representatives, Plaintiff suffered painful and disabling injuries to his face, right eye, back, pelvic region and body generally.

4.03  Such injuries occurred under the following circumstances: Plaintiff and a co-worker (his brother Jacinto Aguirre) were transferred by Defendant-Pioneer's crane operator to the deck of Defendant-Neches' awaiting supply boat, the O/S/V *San Jacinto* (hereinafter the "Vessel"), so that Plaintiff and his co-worker could assist in offloading equipment from the Platform to the Vessel. In the course of unloading a large piece of equipment (called an aftercooler), Plaintiff's co-worker was struck by the equipment which pinned him against the bulwarks of the Vessel. Subsequently, in attempting to free his co-worker and move the equipment, Plaintiff was struck in the face, right eye and shoulder when the equipment suddenly shifted and surged forward, resulting in injuries to his face, back and pelvic region.

## 5.
### Plaintiff's Claim of Negligence Against Defendants Pioneer and Neches

5.01  Defendants Pioneer and Neches had a duty to exercise the degree of care that a person of ordinary care and prudence would use to avoid harm to persons situated such as Plaintiff under circumstances similar to those described in Paragraph 5 above.

5.02  Plaintiff's injuries were proximately caused by Defendants Pioneer and Neches' negligent, careless and reckless disregard of said duty.

5.03  The negligence, carelessness and reckless disregard of duty of Defendants Pioneer and Neches consisted of, but is not limited to, the following acts and omissions:

   A.  Defendants' decision to conduct cargo/equipment transfer operations at a time and under conditions that were unsafe or otherwise inappropriate (e.g. rough seas, high winds, etc.,);

   B.  A lack of communication procedures and/or equipment between those involved in the relevant operations(i.e., there was no radio communication between the crane operator and his platform

  signalman--if any--and there was no radio communication between the crane operator and anyone aboard the Vessel);

C.  Defendants' failure to properly load the deck of the vessel (i.e., the order in which the equipment was offloaded from the Platform, and the placement of equipment aboard the Vessel, restricted the visibility of those involved in the relevant operation);

D.  The failure of the vessel crew, including her master, to adequately stabilize the Vessel and control its movement;

E.  In general, Defendant Neches' failure to otherwise properly man and operate the vessel;

F.  The failure of the crane operator to lower the relevant load without swinging it and in allowing the sling to snag on the load;

G.  In general, Defendant Pioneer's failure to otherwise properly man and operate the Platform crane and such other equipment/positions as were involved in the relevant operation;

H.  Defendants' failure to adequately supervise Plaintiff in the course of the operation in question; and

I.  In general, failing to provide Plaintiff with a reasonably safe workplace.

### 6.
### Damages for Plaintiff Jose Luis Aguirre

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Jose Luis Aguirre was caused to suffer painful injuries and permanent disability, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the occurrence complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

B. Reasonable and necessary medical care and expenses which will, in reasonable probability, be incurred in the future;

C. Physical pain and suffering in the past and which in reasonable probability will be suffered in the future;

D. Mental anguish and suffering in the past and which in reasonable probability will be suffered in the future;

E. Physical impairment in the past and which in reasonable probability will be suffered in the future;

F. Disfigurement in the past and which in reasonable probability will be suffered in the future;

G. Loss of earnings in the past; and

H. Loss of future earning capacity.

## PRAYER

WHEREFORE, premises considered, Plaintiff Jose Luis Aguirre respectfully prays that Defendants Pioneer and Neches be cited to appear and answer herein, and that upon a final trial of this cause, judgment be entered for the Plaintiff against said Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest from the date of injury through the date of judgment at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

**The Law Office of
Jack G. Carinhas, Jr.**
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Tel.   956/542-9161
Fax.   956/542-3651

By: *(signature)*
Jack G. Carinhas, Jr.
Fed I.D. 1179
Texas Bar No. 03795000

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading under has been served on counsel of record for Defendants by First Class Letter, postage prepaid and properly addressed, on the 19th day of September, 2003, as follows:

Ms. Roberta J. Hegland
Mr. Joseph Stallone
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Blvd.
Corpus Christi, TX 78401-3700
Attorney for Defendant Pioneer Natural
Resources USA, Inc.

Mr. Frank McNiff, Jr.
Welder, Leshin & Mahaffey, L.L.P.
Suite 900, North Tower
800 North Shoreline Blvd.
Corpus Christi, TX 78401-3709
Attorney for Defendant Neches-Gulf Ship
Services, Inc.

*(signature)*
Jack G. Carinhas, Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE LUIS AGUIRRE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-078 |
| | § | |
| PIONEER NATURAL RESOURCES | § | Jury Requested |
| USA, INC. and NECHES-GULF | § | |
| SHIP SERVICES, INC. | § | |

## ORDER GRANTING MOTION

CAME BEFORE the Court Plaintiff's motion to file Plaintiff's First Amended Complaint, and on considering same, the Court is of the opinion that same should be granted; therefore, it is

ORDERED that the Clerk of this Court file Plaintiff's First Amended Complaint attached to his motion in this civil action.

SIGNED this ___ day of September, 2003.

_____
JUDGE PRESIDING

ORDER GRANTING MOTION                                                                 Solo Page